9293

MOORER v. ATLANTIC COAST LINE RAILROAD CO.

(88 S. E. 15.)

RAILROADS — ANIMALS INJURED ON TRACK — PRESUMPTIONS — RES IPSA LOQUITUR.—The rule of evidence announced in *Danner's* case, 38 S. C. L. (4 Rich.) 30, is not arbitrary, but rests upon the assumption that a present status, unusual and hurtful, must often and from the necessity of the case, be charged in the first instance and until the truth is established, to him who stands next to it in time and place, and does not amount to a denial of due process.

FOOTNOTE.—See discussion of the common law aspects of the maxim, *"Res ipsa loquitur,"* by the late MR. JUSTICE LURTON, in *Cincinnati etc. R. Co. v. South Fork Coal Co.,* 139 Fed. 528, 71 C. C. A. 316, 1 L. R. A. (N. S.) 563, and as to the validity of statutes making certain facts *prima facie* evidence in *Mobile etc. R. R. Co. v. Turnipseed,* 219 U. S. 35, 31 Sup. Ct. 136, 22 A. & E. Ann Cas. 1912a, 463, and note.

Before SHIPP, J., St. George, July, 1915.    Affirmed.

Action by E. O. Moorer against Atlantic Coast Line Railroad Company for the negligent killing by a railroad train of a mule upon the track.    From judgment for plaintiff, defendant appeals.    The facts are stated in the opinion.

*Mr. Legare Walker,* for appellant, cites : *As to due process:* U. S. Const. Am., V, 14; State Const. 1790, IX, 2; 1868, I, 14; 1895, I, 5; 10 A. & E. Enc. of L. 291, 293; 53 S. C. 259; 40 S. C. 373, 376.    *Rule in Danner's case contrary to the law of the land:* 2 Thomp. Neg., sec. 2143; 4 S. C. 61; 26 S. C. 49, 63.    *Court could not establish it:* 25 S. C. 53, 64; Cooley Const. Law 452, 453; Thomp. Neg. 2148; 10 A. & E. Enc. of L. 306; 29 Fed. 308; 1 Smed. & M. (Miss.) 562; 63 S. C. 429; 65 S. C. 459.    *Presumption in case at bar was rebutted:* 87 S. C. 174.

*Mr. Walker S. Utsey,* for respondent, cites : *As to due process:* 6 R. C. L. 430.    *Issue for jury:* 95 S. C. 135; 98 S. C. 204; 93 S. C. 71; 25 S. C. 141; 91 S. C. 104.

March 2, 1916.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The appellant argued two issues : (1) That only one reasonable inference was deducible from the testimony, and that was that the accident was not traceable to the defendant's negligence, and (2) that the rule in Danner's case is arbitrary, laid down without authority by the judicial branch of the government, and amounts to a denial of due process.

A full answer to the first issue is a recent well considered opinion, reported at page 71 of 93 S. C. 705, 76 S. E. 19, entitled *McLeod* v. *R. R.*    And that cause was tried before the same Judge who tried the instant case, in an adjoining county, and against the same corporation.    It is true, the appellant relies upon the McLeod case, and contends that

"the duty" therein referred to confronted the trial Judge in the instant case. ·We think the trial Judge wisely left it to the jury to find how a mule came in contact with a moving train in the nighttime. Can such an issue ever be plain?

Upon the second issue we might also rest upon the judgment in the McLeod case. But the appellant, with the consent of the Court, and with much zeal and manifest sincerity has assailed the law as stated in Danner's case, and followed for fifty years, and has assigned an ostensibly new reason to overrule the doctrine of that case. He has invoked that mandate which abides in all constitutions, and which is called "due process."

The argument is that if a Court shall proceed by due process of law it can not convict the defendant of negligence, except upon the proof of facts from which a jury may reasonably infer negligence.

That is true; but Danner's case is not the contrary of it.

Therein the Court only said that proof of a single fact gave warrant to a jury to say what inference might be drawn from that fact, and thereby to fix another and dependent fact.

In an action for tort, the plaintiff must put the defendant in the wrong—by eyewitness or by circumstance. A locomotive engine is a huge appliance, monstrous in appearance and deafening in noise; it emits volumes of smoke, and discharges hissing steam; it rings a bell; it shrieks aloud; it rushes along its iron way at great speed and with thunderous noise.

The horse, the cow and the mule are incapable of care; there is no duty on them to stop and look and listen; their way of escape might turn out to be the way of peril; like dead men, they tell no tales.

A locomotive engine runs down a horse and kills it, and nobody sees the act but the man in the cab—the last of all men to do so of a purpose.

The act was not usual; it ought not to have been done; it was hurtful; it, therefore, might have been avoided; and ought to have been avoided; and could have been avoided only by the engineer.

Therefore, the doing of it was probably wrongful, and will be so regarded until the truth is established.

The rule is not singular, in the sense that it is only applied to what are termed live stock cases.

It rests in the assumption that a present status unusual and hurtful, must often and from the necessity of the case be, charged in the first instance to him who stands next to it in time and place.

The following are illustrations of the application of the same rule:

If a passenger shall be injured on a railroad car, that fact alone suggests negligence of the carrier. And we think this is independent of contract.

If a locomotive engine emits sparks, which set fire in a wood, that fact alone suggests negligence by the railroad company.

If a bailee carrying a package proved to have been intact when received shall deliver it to the owner in an injured condition, that fact alone suggests that the bailee did the injury.

In the field of criminal law like presumptions are applied:

If a horse be stolen, and if he be found in the possession of A., the presumption is A. committed the act.

If A. shall shoot B. with a gun and kill him, nothing else appearing, that fact alone suggests that A. did the act with malice aforethought.

The subject is discussed by Mr. Cooley in his "Torts" at page 659.

It is true other jurisdictions have not followed the rule. But in our judgment it is sound, and we shall adhere to it.

The judgment of the Circuit Court is affirmed.