## 9477

### PERRYMAN v. CHARLESTON & W. C. RY. CO.

#### (89 S. E. 497.)

1. RAILROADS—INJURIES TO STOCK ON TRACK—PRESUMPTION OF NEGLIGENCE.—That a horse was killed by locomotive *prima facie* shows negligence of defendant railroad company, and the jury may, if it sees fit, disregard all the evidence introduced by defendant.
2. RAILROADS—INJURY TO STOCK ON TRACK—QUESTIONS FOR JURY.— Where plaintiff makes out a *prima facie* case by showing killing of stock by locomotive, the liability of defendant railroad is for the jury.

FOOTNOTE.—As to rule in Danner's case, see *Moorer* v. *A. C. L. R. R. Co.,* 103 S. C. 280, 88 S. E. 15.

Before HON. F. L. WILLCOX, special Judge, Abbeville, October, 1915.    Reversed.

Action by G. B. Perryman against the Charleston & Western Carolina Railway Company. From a judgment for defendant, plaintiff appeals.

*Mr. J. M. Nickles,* for appellant, cites: 82 S. C. 254.

*Mr. Wm. P. Greene,* for respondent, cites: 82 S. C. 254; 93 S. C. 72; 57 S. C. 174; 87 S. C. 464.

July 20, 1916.

The opinion of the Court was delivered by Mr. Justice Watts.

This was an action of plaintiff against the defendant for $700 for the alleged negligent and wilful killing of a horse, the property of the plaintiff, by the defendant. The action was for both actual and punitive damages. The case was tried at the October term of the Court, 1915, for Abbeville county, before his Honor, F. L. Willcox, special Judge, and a jury, and resulted in a verdict for the defendant. After entry of judgment plaintiff appeals, and by four exceptions alleges error. These exceptions, in substance, allege the same error in the charge of his Honor.

It is contended on the part of the appellant that, inasmuch as the defendant admitted the killing of the horse by its locomotive and attempted to prove contributory negligence on the part of the plaintiff in allowing the horse to run at large, and that the killing of the horse was unavoidable, the presiding Judge should have made it clear to the jury that the burden of proving negligence was shifted from the plaintiff, and it was incumbent upon the defendant to prove by the preponderance of the testimony that it exercised due care, and the appellant complains that the presiding Judge failed to do this, but his charge was in conflict with the rule laid down in the Danner case, 38 S. C. L. (4 Rich.) 329, 55 Ann. Dec. 678, and subsequent cases by this Court since that decision was made. There is no doubt that, when the plaintiff by proof established the killing by the defendant, and in this case defendant admitted that its locomotive killed the plaintiff's horse, then that was sufficient in itself to *prima facie* establish negligence on the part of the railway company under the rule as laid down in the Danner case and various subsequent cases decided by this Court adhering to that principle since that case was decided. This presumption runs throughout the whole case; and,

when this fact is established, the plaintiff is entitled to recover unless the defendant's testimony overthrows or removes this *prima facie* evidence. When the plaintiff established the fact that defendant killed his horse, it had the first instance of proof of all the facts necessary to show negligence, and this presumption attaches throughout the whole case. The rule laid down in the Danner case and subsequent cases in reference to killing stock by railroads is an exception to the general rule. From the time of that decision to the present time efforts have been made to get this Court to overrule, vary, or modify the rule in the Danner case, but the Court has rigidly adhered to this most wholesome principle. When stock is killed by a railroad which comes under the circumstances and rule as laid down in the Danner case and subsequent cases, and that killing is proven or admitted, then there is a *prima facie* case of negligence made out by the plaintiff, and this adheres to the case throughout the entire trial, and the jury, if it sees fit, can disregard all of the evidence introduced by the defendant. Under the decisions of this Court cases of this kind are left to the jury to determine. A full rule as laid down by this Court in construing the rule laid down in the Danner case is by Mr. Justice Woods in *McLeod* v. *Atlantic Coast Line R. R. Co.,* 93 S. C. 71, 76 S. E. 19, 705. The charge of his Honor, taken as a whole, must have misled the jury in concluding that the burden was on the plaintiff of proving negligence on the part of the defendant, and the plaintiff did not get the benefit under his Honor's charge of the *prima facie* presumption of negligence on the part of the defendant, it being proved that defendant had killed the horse, which killing raised a presumption of negligence on the part of the defendant which continued throughout the case, and burden was then upon the defendant by a preponderance of the testimony to overcome plaintiff's evidence and show absence of negligence on its part and exercise of due care.

Exceptions sustained, and new trial granted.

New trial.

Mr. Chief Justice Gary and Messrs. Justices Fraser and Gage, concur in the opinion of the Court.

Mr. Justice Hydrick concurs in the result.