[Civil No. 1699.    Filed May 21, 1919.]

[180 Pac. 987.]

## SOUTHERN PACIFIC COMPANY, a Corporation, Appellant, v. JOHN NELSON, Appellee.

1. RAILROADS—NEGLIGENCE—STATUTES.—The legislature had the power to adopt Civil Code of Arizona of 1913, paragraph 3780, making the killing of animals by the engines and cars of a railroad *prima facie* evidence of negligence.

2. RAILROADS—INJURIES TO STOCK—QUESTIONS FOR JURY—STATUTORY PRESUMPTION OF NEGLIGENCE.—Whether the presumption raised by Civil Code of Arizona of 1913, paragraph 3780, making the killing of animals by railroad cars *prima facie* evidence of negligence, has been overcome by evidence that there was no negligence, is a question for the jury.

[As to duty to cattle on tracks, see note in 20 Am. St. Rep. 161.]

APPEAL from a judgment of the Superior Court of the county of Pima. Samuel L. Pattee, Judge. Judgment affirmed.

Mr. Francis M. Hartman, for Appellant.

Messrs. Richey & Richey, for Appellee.

BAKER, J.—The plaintiff (appellee) sued the defendant (appellant) to recover damages for fourteen head of cattle alleged to have been killed by the defendant by negligently running its engines and cars over and against said animals. Eight of the animals mentioned in the complaint were eliminated by the court below, by reason of the statute of limitations, and the case was tried as to the remaining six animals, before a jury. The plaintiff proved ownership of the cattle and their value, and that they were killed by the engines and cars of the defendant. As evidence of the negligence charged in the complaint, plaintiff relied on paragraph 3780, Civil Code, which, in terms, makes the killing of animals by the engines and cars of any railroad corporation or company *prima facie* evidence of negligence on the part of such corporation or company.

There can be no doubt that the legislature had the power to adopt this law. *Mobile, Jackson & Kansas City R. R. Co.* v. *Turnipseed, Admr., etc.,* 219 U. S. 35, Ann. Cas. 1912A, 463, 32 L. R. A. (N. S.) 226, 55 L. Ed. 78, 31 Sup. Ct. Rep. 136; *Little Rock & Ft. S. R. Co.* v. *Payne,* 33 Ark. 816, 34 Am. Rep. 55.

The defendant introduced the testimony of its engineers which, if accepted in all respects, tends to show that there was no negligence on the part of the company in operating its trains or cars at the time the cattle were killed. At the close of all the evidence, the defendant moved the court to instruct the jury to return a verdict in its favor, for the reason that the statutory presumption of negligence had been overcome, and that as a matter of law defendant was entitled to a verdict. The court denied the motion and submitted the case to the jury, which found a verdict in plaintiff's favor and assessed the damages at $250.

The refusal of the court to grant the motion for a directed verdict is the only assignment of error worthy of notice. The defendant contends that, having presented testimony tending to acquit the company of negligence, the *prima facie* case made out by the proofs of the plaintiff had been overcome or rebutted, and that, in the absence of any further evidence by the plaintiff, a verdict should have been directed for the company. The statute provides:

"Every railroad corporation or company operating any railroad or branch thereof, within the limits of this state,

which negligently injures or kills any horse, mare, gelding, filly, jack, jennie or mule, or any cow, heifer, bull, ox, steer, or calf, or any other domestic animal, by running any engine or engines, car or cars over or against any such animal shall be liable to the owner of such animal for the damages sustained by such owner by reason thereof. The killing or injury shall be *prima facie* evidence of negligence on the part of such corporation or company." Paragraph 3780, p. 1296, Civil Code Arizona 1913.

This statute changes the common-law rules as to the burden of proof and makes the killing of animals by railroad trains *prima facie* evidence of negligence, and places upon railroad companies the burden to rebut the presumption of negligence. The company is required to prove a negative. It must show that it was not negligent, and, where the company introduces evidence to rebut the presumption, an issue of fact arises which should be submitted to the jury. 33 Cyc. 1276, 1277.

Mr. Thompson, in his Commentaries on the Law of Negligence (volume 2, paragraph 2148), says:

"It has been held that the question as to when the presumption raised by these statutes is overcome is a question of law for the court, and not one of fact for the jury; but this view, which commits to the judge the decision of a question of fact, and of the whole case, exhibits a complete misunderstanding of the principles of trial by jury."

The Montana statute is similar to our statute. Rev. Codes, § 8028, subd. 2. The supreme court of that state, in *Johnson* v. *Chicago, M. & St. P. Ry. Co.*, 52 Mont. 73, 155 Pac. 971, construing the statute in a case where a milch cow had been killed by the cars of a railroad company, said:

"Appellant's contention is that, having presented testimony tending to exonerate it from negligence, the presumption was overcome in the absence of a further showing by the respondent, and a verdict should have been directed accordingly. This is untenable. When a presumption of this character is confronted with testimony in the opposite direction, the result is a conflict of evidence which the jury must resolve. Rev. Codes, § 8028, subd. 2; *Freeman* v. *Chicago, Milwaukee & St. Paul Ry. Co.*, 52 Mont. 1, 154 Pac. 912; *Emerson* v. *Butte Electric Railway Co.*, 46 Mont. 454, 129 Pac. 319."

The statute of North Carolina provides:

"When any cattle or other livestock shall be killed or injured by the engines or cars running upon any railroad, it shall be *prima facie* evidence of negligence on the part of the company in any action for damages against such company." Code 1883, § 2326.

The supreme court of that state, in *Baker et al.* v. *Roanoke & T. R. R. R.*, 133 N. C. 31, 45 S. E. 347, construing the statute in a case where a horse had been killed by the cars of a railroad company, said:

"This was an action for negligently killing a horse. At the close of the evidence, the defendant moved to nonsuit the plaintiff. The action was brought within six months, and, the killing having been shown, the statute raised a presumption of negligence, and, the burden to rebut such presumption being upon the defendant, the judge could not find affirmatively that the defendant's evidence had been sufficient to do this. That was a matter for the jury. The judge could instruct the jury, as he did in this case, that a certain state of facts, if believed by them, would rebut the presumption, but not that certain evidence, though uncontradicted, would do so. The burden is on the defendant to rebut the presumption, and the jury alone can pass on its credibility, otherwise, if the only eye-witness is witness for the defendant, the plaintiff would be at his mercy, and would be deprived altogether of the benefit of the statute, because he did not happen to see the killing. It would be a novelty to nonsuit the plaintiff on the defendant's evidence."

See, also, *Perryman* v. *Charleston & W. C. Ry. Co.*, 105 S. C. 34, 89 S. E. 497.

A number of the states have statutory provisions, which make fires set out by passing engines *prima facie* evidence of negligence in railroad companies. The same principle is involved in the construction of these statutes as is involved in the construction of statutes making the killing of animals *prima facie* evidence of negligence. Mr. Thompson, speaking of these statutes, says:

"The necessary effect of all these statutes is to take the question of negligence to the jury, in every case where evidence is submitted to them tending to show that the fire was communicated by a locomotive of the railroad, and, no matter how strong the countervailing evidence may be, it is for the

jury and not for the court to determine whether it is suffi-
cient to rebut the statutory presumption of negligence. Any
other rule would involve on the part of the court an invasion
of the province of the jury." 2 Thompson, Commentaries
on the Law of Negligence, § 2342.

It must be conceded, however, that the cases construing
such statutes are not harmonious. Some cases hold that re-
buttal proof that the engine causing the fire was properly
constructed, equipped, inspected, maintained and operated, is
as broad as the presumption of negligence, and justifies the
trial court in directing a verdict. According to other au-
thorities, it is necessary for the jury to weigh the statutory
presumption of negligence in the balance, against the evidence
of the defendant in rebuttal. The cases *pro* and *con* are col-
lated in *Continental Ins. Co.* v. *Chicago & N. W. R. R. Co.,*
97 Minn. 467, 5 L. R. A. (N. S.) 99, 107 N. W. 548. We
cannot hope to reconcile the conflicting views expressed in
these cases, and shall not undertake the task, but shall con-
tent ourselves with saying that upon principle the most satis-
factory view of the question seems to be that which regards
the presumption or *prima facie* case in favor of the plaintiff
in the nature of substantive evidence for the purpose of creat-
ing a conflict in the evidence, and therefore a question of fact
is presented for determination by the jury. The reasoning
upon the point, found in the case of *Great Northern R. R. Co.*
v. *Coats*, 115 Fed. 452, 53 C. C. A. 382, is very satisfactory,
and seems to us to be sound and convincing:

"We cannot well understand upon what theory the state-
ment of persons, who were in charge of a locomotive when it
occasioned a disastrous fire, that it was properly and prudently
managed, etc., must be accepted by a court as conclusive, and
as overturning, as a matter of law, the presumption of negli-
gence raised by other testimony. It would seem, rather, that
the triers of the fact ought, in such a case, to consider how
far the interest of such witnesses—their natural desire to
absolve themselves from all blame—may have colored their
evidence, and how far their statements are consistent with
other facts and circumstances which have been proven. If a
court undertakes to weigh such evidence, and say that the
witnesses are credible, and also to decide as to the effect of
the proof, it plainly assumes . . . a function which is dis-
charged by the jury in other cases."

In *Atchison, T. & S. F. R. Co.* v. *Geiser,* 63 Kan. 281, 1 Ann. Cas. 812, 75 Pac. 68, in discussing whether it is a question of law for the court, or of fact for the jury, to determine when the *prima facie* case of negligence made by showing that the fire was caused by the operation of the railroad, is overcome by showing on the part of the railroad that its engine was equipped with the latest and best appliances, and managed in the best possible manner by competent employees, the court said:

"In the case at bar sufficient evidence was offered by the plaintiff to make' out a *prima facie* case. The railway company then offered proof going to establish the fact that the engine which set out the fire was equipped with the latest and best appliances to prevent the escape of fire therefrom, was in good repair, and was being skillfully handled by competent employees. Here was a case of evidence against evidence. It is hardly fair to say that it was presumption against evidence, or evidence against presumption. . . . If it is a question of evidence against evidence or of a conflict of evidence, upon what theory would the court be authorized to take the decision out of the hands of a jury, and pronounce, as a matter of law, that the railway company's witnesses were in all respects to be believed, and that their conclusions as to the condition of the engine and the skill of the employees were beyond the pale of contradiction?"

We are of the opinion that the trial court did not err in refusing to grant the motion for a directed verdict. The question whether defendant had overcome the *prima facie* case made by plaintiff was not one of law for the court to determine, but one of fact for the jury.

A further claim is made that the court erred in denying defendant's motion for a new trial. The evidence was conflicting, and it was for the jury to decide whether the charge of negligence had been substantiated.

Upon the whole case, we find no error, and the judgment of the lower court is affirmed.

CUNNINGHAM, C. J., and ROSS, J., concur.

On the question of power of legislature to make the killing of stock on railroad track *prima facie* evidence of negligence, see note in 32 L. R. A. (N. S.) 227.