CATHERINE LATHAM, ADMINISTRATRIX OF DAVID LATHAM, v. ELIZABETH CITY ORANGE CRUSH BOTTLING COMPANY.

(Filed 2 March, 1938.)

**Automobiles § 12a—Operation of truck on highway at speed in excess of 35 miles per hour is only prima facie evidence of negligence.**

An instruction that the operation of a vehicle designed for the transportation of property at a rate of speed in excess of 35 miles per hour on a State Highway constituted negligence *per se* (N. C. Code of 1935, sec. 2621 [46a]) is reversible error, since under the provisions of ch. 311, sec. 2, Public Laws of 1935, such speed is made *prima facie* evidence of negligence and not negligence *per se*.

APPEAL by defendant from *Parker, J.*, at October Term, 1937, of DARE. New trial.

*R. Clarence Dozier and M. B. Simpson for plaintiff, appellee.*

*Savage & Lawrence, T. L. Sawyer, and John H. Hall for defendant, appellant.*

SCHENCK, J. This is a civil action to recover damages for the alleged wrongful death of the plaintiff's intestate.

The plaintiff offered evidence tending to show that her intestate was driving his automobile in a southerly direction on the public highway leading from Currituck courthouse to Manteo, and that the defendant's agent and servant was driving the defendant's truck on said highway in a northerly direction; that the said truck was towing another truck of the defendant; that as said two trucks were about to pass the automobile of the plaintiff's intestate the rear truck ran to its left of the center of the highway and collided with the automobile of the plaintiff's intestate, knocking off one of the wheels of said automobile and causing it to run off of the highway and inflicting injury to said intestate from which he subsequently died. The plaintiff offered further evidence tending to show that the defendant's trucks at the time of the collision were being operated at a rate of speed "around 40 or 45 miles per hour."

The defendant offered evidence tending to show that its trucks were being operated on their right of the center of the highway and at a rate of speed not in excess of 25 miles per hour, and that the automobile of the plaintiff's intestate collided with the rear truck while being so operated.

All of the evidence tended to show that the defendant's two trucks were motor vehicles designed, equipped for, and engaged in transporting property, namely, bottled drinks.

The jury found that the plaintiff's intestate was killed by the negligence of the defendant.

His Honor in his charge read to the jury several excerpts from the motor vehicle law, including a portion of sec. 2621 (46a) of N. C. Code of 1935 (Michie), as follows: "No motor vehicle designed, equipped for, or engaged in transporting property shall be operated over the highways of the State at a greater rate of speed than thirty-five (35) miles per hour, . . ." and then followed the reading with this instruction: "The court instructs you that it is negligence *per se* for any person to operate an automobile in North Carolina upon the public highway in violation of any of the statute law that the court has just read to you." This instruction is made the subject of an exceptive assignment of error, and we are constrained to sustain such assignment.

Public Laws 1935, ch. 311, sec. 2, reads:

"Sec. 2. Amend article two of said act by striking out section four, and substitute in lieu thereof new section four as follows:

"Sec. 4. *Speed Restrictions.*

"(a) No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions then existing.

"(b) Where no special hazard exists the following speeds shall be lawful, but any speed in excess of said limits shall be *prima facie* evidence that the speed is not reasonable or prudent and that it is unlawful:

"1. Twenty miles per hour in any business district;

"2. Twenty-five miles per hour in any residence district;

"3. Thirty-five miles per hour for motor vehicle designed, equipped for, or engaged in transporting property; and thirty miles per hour for such motor vehicle to which a trailer is attached;

"4. Forty-five miles per hour under other conditions."

Chapter 311, Public Laws 1935, was enacted to amend the traffic law of the State "so as to make this law conform more nearly with the uniform traffic code," and since its enactment the operation of a motor vehicle designed, equipped for, or engaged in transporting property at a speed in excess of thirty-five miles per hour is only *prima facie* evidence of unlawfulness, and not unlawful *per se,* and therefore not negligence *per se* as was the case prior to the enactment.

". . . the change in the law resulting from the enactment of sec. 2, ch. 311, Public Laws of North Carolina, 1935, which provides that driving an automobile on a highway or public road in this State at a speed in excess of 45 miles per hour, under conditions as shown by all the evidence in the instant case, 'shall be *prima facie* evidence that the speed is not reasonable or prudent, and is unlawful.' By reason of this statute, driving an automobile on a highway or public road in this State, since its enactment, at a speed in excess of forty-five miles per hour is not negligence *per se* or as a matter of law, as was the case prior to its enactment." *S. v. Webber,* 210 N. C., 137.

"While prior to the enactment of sec. 2, ch. 311, Public Laws 1935 (N. C. Code of 1935 [Michie], sec. 2621 [46]), the operation of a motor-driven vehicle upon the highways of the State at a greater rate of speed than forty-five miles per hour was unlawful, and therefore negligence *per se,* since said enactment such operation is only *prima facie* evidence of negligence. . . ." *Exum v. Baumrind,* 210 N. C., 650.

For the error assigned there must be a

New trial.