**DIXON, Plaintiff-Appellee, v. YELLOW CAB COMPANY of CLEVELAND Inc., Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 19625. Decided Nov. 20, 1944.

108

MONTGOMERY, P. J., SHERICK, J., of the Fifth District: DOYLE, J., of the Ninth District sitting by designation in the Eighth Appellate District.

Siegel & Siegel, Cleveland, Martin J. McCormack, Cleveland, for plaintiff-appellee.
Halle, Haber, Berick & McNulty, Cleveland, for defendant-appellant.

## OPINION

BY THE COURT:

Plaintiff, by his second amended petition, charged the defendant with carelessness and negligence in the operation of its cab in five particulars. Those relied upon were excessive rate of speed, a violation of the provisions of the General Code of Ohio, and the careless and negligent operation·of the cab in that the driver should have seen the hole in the highway which it was averred was struck by the cab when proceeding

at a high, dangerous and unlawful rate of speed. The other specifications of negligence are not sustained by the evidence.

There was direct, positive evidence of the violation of speed requirements to the effect that this taxicab was proceeding at 38 or 40 miles an hour.

The trial court in the course of its charge to the jury said:

"It shall be prima facie lawful for the operator of a motor vehicle to operate the same at a speed not exceeding the following:

Twenty-five miles per hour in all other portions of a municipal corporation, except on state routes and on through highways outside business districts.

That is the pertinent part here as to speed.

Ladies and Gentlemen, I might say to you that if you find from a preponderance of the evidence that the operator of this taxicab violated either one of those provisions which I have read to you, then, you may consider that he has committed an act of negligence, that is, that it is negligence per se, that is, in and of itself, to violate either one of the sections which I have read to you and if such violation was the proximate cause of an injury to the plaintiff, then the plaintiff would be entitled to recover at the hands of the defendant in this action."

There was no limitation of this charge by instructing the jury that in order to determine negligence it would be required to take into consideration all the circumstances and conditions of traffic at the time and place of the accident. There had been no proof of the nature and character of the place where the accident happened to show that it was in a portion of a municipal corporation not in front of school buildings or school grounds or not on state routes or through highways within municipalities outside of business districts, and the court failed to take into consideration the necessity of the jury's finding the nature and character of the place before applying the provisions of the section pertaining thereto.

This portion of the charge was prejudicially erroneous and for that reason alone the judgment of the lower court must be reversed, on authority of **Swoboda v Brown, 129 Oh St 512, 523; Larsen v Cleveland Railway Co. 142 Oh St 20; Chowning, Admrx. v Ajax Motor Service Inc. 60 Oh App. 470.**

In other respects the charge that the court made to the

jury was carelessly stated and might well have been confusing to the jury, but holding it to have been prejudicially erroneous in the respect mentioned it seems unnecessary to discuss the other objections made to it.

It seems also unnecessary to us to discuss the propriety of the size of the verdict which was rendered, in view of the necessity of a new trial in any event.

The judgment of the common pleas court will be reversed and cause remanded for further proceedings according to law.

MONTGOMERY, P. J., SHERICK, J., DOYLE, J., concurring.