**FRANCAIS, Admrx., Plaintiff-Appellee, v. CLEVELAND (CITY) et, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21188. Decided November 15, 1948.

George J. McMonagle, J. V. Corrigan, Cleveland, for plaintiff-appellee.

Robert J. Shoup, Richard C. Green, Cleveland, for defendant-appellant.

(MONTGOMERY, J, of the Fifth District sitting by designation in place of MORGAN, J, of the Eighth District.)

## OPINION

By THE COURT:

The appeal to this court was from a judgment rendered by the Court of Common Pleas sustaining a verdict for $25,000.00 in a wrongful death action. The decedent, a pedestrian, was killed as a result of being struck while crossing West St. Clair Avenue in the City of Cleveland, from north to south, by a bus of the defendant proceeding in a westerly direction.

The petition alleged among other things that at the time of the accident this bus was being operated carelessly and recklessly south of the center line of St. Clair Avenue, and was at that time being carelessly and recklessly operated in excess of 25 miles per hour this being in the down-town business district of the City of Cleveland.

There are two assignments of error stressed before us; (1) that the judgment was manifestly against the weight of the evidence; (2) that the trial court erred in two respects in its charge to the jury.

From a reading of the evidence, we cannot find that the verdict was manifestly against the weight of the evidence. True, the greater number of witnesses testified on behalf of defendant, but it became a matter of credibility. There was ample and credible evidence to sustain the verdict based on the allegations of plaintiff's petition.

The issue of negligence was submitted properly to the jury which resolved the issue in favor of the appellee and we see no reason for disturbing the judgment of the lower court on that ground.

Prior to argument, the trial court gave to the jury the defendant's request No. 5 which is in the following language:

"No. 5, I charge you as a matter of law that if you find that the defendant's motor coach was being driven on its proper side of the street and at a speed not in violation of law and plaintiff's decedent suddenly ran from the north curb of St. Clair Avenue into the street at a point other than at a cross-walk, and the driver of the motor coach in an attempt to avoid striking said decedent, necessarily swerved his coach to the left of the center of the street, his act in so doing would not constitute negligence on his part."

The court in its general charge stated:

"There are certain laws which have been passed in the State of Ohio called statutes. One statute of the State of Ohio

requires that the operator of motor vehicles shall keep to the right of the center of the road, unless otherwise directed by some one in authority and any one who violates that statute is guilty of negligence.

The law of the State of Ohio also provides that it is unlawful for any one to operate a motor vehicle at a speed greater than 25 miles per hour in the built-up district of any municipality and the operation of any motor vehicle at a greater speed than 25 miles per hour is also negligence."

And later the court stated:

"If the plaintiff has proven to you, by a preponderance of the evidence, that the operator of that bus at and just prior to the time he collided with her decedent, violated either one of those laws of the State of Ohio, or failed to exercise ordinary care in the manner and method in which he operated and controlled that motor bus, at and just prior to the collision, if she has proven that to you by a preponderance of the evidence, and she further proves to you that the failure upon his part to observe the laws of the state of Ohio, or the failure upon his part to exercise ordinary care in the manner and method in which he controlled that motor bus at and just prior to the collision, proximately caused and directly caused the death of her decedent, then, she is entitled to recover in this action provided, of course, always, that he was in the exercise of ordinary care for his own safety."

It is conceded that the Special Request No. 5 as given to the jury was correct. It is argued by appellant that it is, however, in direct conflict with the paragraph in the general charge first above quoted. That statement is insufficient and does not fully cover the law governing this proposition.

In the judgment of a majority of this court, insofar as it goes, it does not constitute an erroneous statement of the law.

Sec. 6307-25 GC gives a number of exceptions to the requirement that a vehicle shall be driven on the right side of the roadway and the court in its charge named but one of them, and did not again mention the proper rule or exception which he had previously stated in the special charge.

It is the judgment of a majority of this court that since the failure of the trial court in this respect was one of omission only, it was incumbent upon defendant below to ask for an amplification of the charge, and he had the benefit of being

able to argue to the jury the proposition contained in his Special Request No. 5.

One member of the court, however, is of the opinion that the two propositions are in direct conflict, and that under the authority of **Bosjnak v. Superior Sheet Steel Company, 145 Oh St 538**, and the authorities cited therein, there can be no presumption that the jury followed the correct rule, that the giving of this charge in its limited form constituted prejudicial error.

However, upon the other assigned error, the members of this court as now constitutedl are in accord.

It will be noted that in the second quoted paragraph of the general charge, the court stated in effect that the operation of a motor vehicle at a greater speed than 25 miles per hour in the built-up district of a municipality is negligence. It is simply prima facie negligence and not absolute negligence.

**Sec. 6307-21 GC**, in its first paragraph provides:

"No person shall operate a motor vehicle trackless trolley or street car, in and upon the streets and highways, at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface and width of the street or highway and of any other conditions then existing and no person shall drive any motor vehicle, trackless trolley or street car in and upon any street or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead."

Then, after specifying that 25 miles per hour is the prima facie lawful rate, in such portions of a municipality, and specifying other speed limits in other districts, says:

"It shall be prima facie unlawful for any person to exceed any of the speed limitations in this or in other sections of this act."

In the third quoted paragraph of the court's general charge, he stated in effect that a violation of either of those laws mentioned would entitle the plaintiff to recover. This charge in this form cannot be approved.

Our attention is directed by counsel to the case of **Dixon v. Yellow Cab Company, 44 Abs, 107**, with which, of course, a portion of this court at least is familiar. That was an unofficially reported case and perhaps under §1483 GC should not be cited, but it arose in this County and one member of

this court participated in it, hence we deem reference to it not improper.

Of course, in that case there was no proof of the nature and character of the place where the accident happened, which concededly is not the situation here, but the rule in the two cases is the same as to the necessity of instructing the jury that it take into consideration all the circumstances and conditions of traffic at the time and place of the accident, which is necessary in view of this rate.of speed being prima facie lawful and not an absolute proposition, the violation of which would constitute negligence per se.

It is hardly probable, but it is conceivable that had the jury been properly charged it might have found the driver of the bus to have exercised due care in view of the circumstances and conditions claimed, but under the charge of the court the jury had no alternative and consequently we hold that this charge was prejudicially erroneous.

The judgment of the common pleas court is therefore reversed and the cause remanded for further proceedings according to law. Exc. Order See Journal.

HURD, PJ, MONTGOMERY, J, SKEEL, J, concur.