301 P.2d 1032

Marshall L. MITCHELL and Pearl M. Mitchell, husband and wife, Appellants,

v.

Magnus EMBLADE, Appellee.

No. 6094.

Supreme Court of Arizona.

Oct. 2, 1956.

Shimmel, Hill & Cavanagh, Phoenix, and Westover & Mansfield, Yuma, for appellants.

Rolle, Jones & Pace, Yuma, for appellee.

WINDES, Justice.

In our original opinion, 80 Ariz. 398, 298 P.2d 1034, we stated that the legislature in 1950 repealed section 66–101, A.C.A.1939, which fixed a maximum speed limit of 20 miles per hour in business districts and enacted section 66–157a, 1952 Supp. A.C.A. 1939, A.R.S.1956, section 28–701, which fixed a maximum limit of 25 miles per hour in such districts. We further stated that in the absence of a highway sign indicating a different speed limit one driving through a business district in excess of 25 miles per hour would be negligent per se. The foregoing pronouncement is made one of the bases for a motion for rehearing.

We are of the opinion that we were in error in saying that a violation of section 66–157a, supra, would be negligence per se, and while in our opinion this error does not affect the result, we granted rehearing for the purpose of rendering a corrective opinion. The section reads as follows:

"(a) No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care.

"(b) Where no special hazard exists that requires lower speed for compliance with paragraph (a) of this section the speed of any vehicle not in excess of the limits specified in this section or established as hereinafter authorized shall be lawful, but any speed in excess of the limits specified in this section or established as hereinafter authorized shall be prima facie evidence that the speed is not reasonable or prudent and that it is unlawful:

" * * * 2. Twenty-five (25) miles per hour in any business or residence district; * * *."

It is clear that this section properly interpreted does not fix an absolute speed limit of 25 miles per hour in business districts but merely prescribes that speeds in excess of those prescribed in the section or established by lawful authority is "prima facie evidence" that such excess is not reasonable and prudent. Such excess speed does not necessarily establish a violation of law and cannot therefore be negligence in and of itself.

One exceeding the prescribed speed must be given the opportunity to rebut such prima facie evidence and show if he can that under the particular circumstances he was not negligent. If such evidence be submitted it becomes a jury question as to whether he was driving at a prudent and lawful speed. Southern Pacific Co. v. Nelson, 20 Ariz. 344, 180 P. 987. Our decision in Anderson v. Morgan, 73 Ariz. 344, 241 P.2d 786, is not applicable since the amendment of 1950. Latham v. Elizabeth City Orange Crush Bottling Co., 213 N.C.

158, 195 S.E. 372; Francais v. City of Cleveland, Ohio App., 85 N.E.2d 522.

It is suggested that because of the principles announced in our case of Silva v. Traver, 63 Ariz. 364, 162 P.2d 615, the court properly ignored the law concerning speed in business districts for the reason that there was evidence tending to rebut that the excessive speed was not prudent. The principles of the Silva case to the effect that a mere presumption disappears in the face of rebutting evidence has no application when the legislature has directed that establishment of one fact is prima facie evidence of another fact. Southern Pacific Co. v. Nelson, supra. This distinction was recognized by us in Flores v. Tucson Gas, Electric Light & Power Co., 54 Ariz. 460, 97 P.2d 206.

The error committed in the original opinion can in no way affect or change the result that a new trial must be had and we adhere to the pronouncements therein except to the extent that they conflict with what is said herein.

LA PRADE, C. J., and UDALL, PHELPS and STRUCKMEYER, JJ., concur.