**Deborah E. SANDERSON,**
**Plaintiff-Appellee,**

v.

**John J. BANIGAN, III, et al.,**
**Defendants-Appellants.**

**No. 219, Docket 82–7371.**

United States Court of Appeals,
Second Circuit.

Heard Oct. 6, 1982.

Decided Oct. 8, 1982.

Snow Gene Munford, Hartford, Conn., for defendants-appellants.

Ralph P. DuPont, New London, Conn. (Robert D. Tobin, DuPont & Tobin, P. C.,

New London, Conn., on the brief), for plaintiff-appellee.

Before NEWMAN, KEARSE and PRATT, Circuit Judges.

PER CURIAM:

This is an appeal from an April 23, 1982, judgment entered in the District Court for the District of Connecticut (M. Joseph Blumenfeld, Judge) in favor of the plaintiff upon a jury verdict in a diversity negligence action. A truck driven by one of the defendants struck and seriously injured the plaintiff while she was jogging along a highway. The jury found the defendants liable for the plaintiff's injuries and assessed damages at $2,858,000. The jury also found the plaintiff contributorily negligent and reduced her verdict by 30 percent to $2,000,600. We reject the defendants' challenge to the District Court's instructions to the jury and affirm the District Court's judgment.

Appellants' primary claim is that the District Court erred in instructing the jury that, under Connecticut statute, the fact that a driver was exceeding the speed limit is *prima facie* evidence of unreasonableness. *See* Conn.Gen.Stat. § 14–218a (1977). Appellants contend that this statutory standard of reasonableness applies only when the speed limit is posted and that the District Court's instruction was inappropriate in this case because there was conflicting evidence whether the speed limit was posted at the scene of the accident. The instructions permitted the jury to infer unreasonable operation by the defendant driver from a speed in excess of the established limit whether or not the limit was posted.

■ Conn.Gen.Stat. § 14–218a authorizes the State Traffic Commission to establish speed limits on state highways and permits, but does not require, the Commission to post the speed limits. The statute also authorizes local communities to establish

speed limits for roads within their jurisdiction, but these local limits must be posted "as the ... Commission directs" to be effective. Finally, the statute provides, "Any speed in excess of such limits ... shall be prima facie evidence that such speed is not reasonable." Appellants contend that "such limits" should be read to mean only posted speed limits, but the statute on its face does not support such a restrictive reading. Moreover, the legislative history of a predecessor statute, Conn.Gen.Stat., ch. 82, § 566c (Supp.1935), reveals no indication that the evidential use of speed limits established by the Commission was limited to posted limits. Conn. Sen. Journal 320 (1935) (remarks of Senator Hungerford).

Sound policy reasons may well have led the Connecticut legislature to conclude that speeds in excess of limits established by the State Traffic Commission, whether posted or not, should be *prima facie* evidence of unreasonableness. Finders of fact have difficulty determining what speed is reasonable in any given stretch of highway. The Connecticut legislature was certainly free to permit fact-finders faced with such a problem to consider the State Traffic Commission's conclusion that any speed in excess of the established limit is unreasonable for the particular road in question. In any event, a construction of the statute to permit an inference of unreasonable speed from exceeding an established speed limit is a reasonable interpretation reached by a District Judge thoroughly familiar with Connecticut law and is entitled to considerable deference. *See Bernhardt v. Polygraphic Co.,* 350 U.S. 198, 204, 76 S.Ct. 273, 277, 100 L.Ed. 199 (1956); *MacGregor v. State Mutual Life Assurance Co.,* 315 U.S. 280, 62 S.Ct. 607, 86 L.Ed. 864 (1942) (per curiam). The jury instruction based on this interpretation of the statute was not erroneous.[1]

■ Appellants point to various items of evidence which suggest that notwithstand-

---

1. In some jurisdictions unreasonableness may be inferred only from posted speed limits but not from limits merely established by local authorities, *see, e.g., Mitchell v. Emblade,* 80 Ariz. 398, 298 P.2d 1034, *modified on other grounds,* 81 Ariz. 121, 301 P.2d 1032 (1956). Connecticut does not draw such a distinction.

ing the established speed limit, the truck driver's conduct was reasonable in light of the circumstances surrounding the accident. However, defendants had ample opportunity to argue the force of this evidence to the jury to persuade them not to infer unreasonableness from exceeding the established speed limit. *See State v. Sivin,* 4 Conn.Cir. 93, 225 A.2d 846 (1966). Based on all the evidence presented, the jury was entitled to find the truck driver's conduct unreasonable.

■■■ Appellants also challenge the District Court's instructions on the standard of care that the plaintiff should have exercised when crossing the highway. The instructions as a whole properly instructed the jury that the plaintiff was required to behave as a reasonably prudent person would in a similar situation. *See Masuda v. Kawasaki Dockyard Co.,* 328 F.2d 662 (2d Cir. 1964). Appellant's final claim that the District Court should have excluded part of the testimony of the plaintiff's expert witness is also without merit. *See* Fed.R.Evid. 703 note.

The judgment of the District Court is affirmed.