**Lora LUX, Widow and Personal Representative of Walter Lux, Deceased, Plaintiff,**

v.

**McDONNELL DOUGLAS CORPORATION, Defendant.**

No. 79 C 2487.

United States District Court, N.D. Illinois, E.D.

Feb. 22, 1984.

---

Philip E. Howard, Chicago, Ill., for plaintiff.

Norman J. Barry, Daniel Cummings, Christopher G. Walsh, Jr., Rothschild, Barry & Myers, Chicago, Ill., for defendant.

**ORDER**

BUA, District Judge.

Before the Court is plaintiff's Motion In Limine to, inter alia, bar the defendant from introducing evidence which would apprise the jury that an award to the plaintiff would not be subject to federal or state income taxes. For the reasons stated herein, the Court will bar defendant from introducing any evidence related to the income or Social Security tax consequences of an award to the plaintiff. In addition, the Court will not instruct the jury on the non-taxability of the jury award.

Defendant relies primarily upon the Seventh Circuit's opinion in *In re Air Crash Disaster*, 701 F.2d 1189 (7th Cir.1983) ("*Air Crash*"), in support of its argument that plaintiff's motion involves a "procedural" issue and therefore should be decided under federal law. In *Air Crash*, the Seventh Circuit predicated that the Illinois Supreme Court, if presented with the issue, would hold that any award for lost income should be reduced by the amount it would have been taxed. *Air Crash*, 701 F.2d at 1197. In dicta, the Court stated that the tax impact issue was procedural in nature and therefore properly considered under federal law, and not state law. *Id.* at 1195. The Court reasoned that the tax impact issue was not "so closely linked with [Illinois'] view of the measure of damages ... that it binds a federal court sitting in diversity." *Id.* at 1194. The Court concluded that "... the Illinois practice does not bind the federal courts under *Erie* because ... Illinois' concerns are either procedural or based on a mistaken view of federal law." *Id.* at 1200.

This case, however, is distinguishable from the Seventh Circuit's comments in *Air Crash*. Arizona's concerns are neither procedural nor based on a mistaken view of federal law. In *Mitchell v. Emblade*, 80 Ariz. 398, 298 P.2d 1034 (Ariz.1956), *opinion modified on other grounds*, 81 Ariz. 121, 301 P.2d 1032 (Ariz.1956), the Arizona Supreme Court clearly held that the effect of income taxes on an award has "no part"

in the correct measure of damages under Arizona law. *Id.* 298 P.2d at 1038. This view remains the law in Arizona today. *Young v. Environmental Air Products, Inc.*, 136 Ariz. 206, 665 P.2d 88, 95 (Ct.App. 1982), *modified on other grounds*, 136 Ariz. 158, 665 P.2d 40 (Ariz.1983). Unlike the Illinois courts, the Supreme Court of Arizona has clearly expressed a "substantive" interest in this issue. Having reviewed the Arizona cases, this Court holds that Arizona's interest in this issue is "so closely linked with [Arizona's] view of the measure of damages," that it binds this Court, under the *Erie* doctrine, to follow the Arizona rule. *See Air Crash*, 701 F.2d at 1194. The rule against admitting evidence concerning the income tax consequences of a judgment, as viewed by the Arizona courts, is "so 'outcome determinative' as to be inseparable from the substantive law, and must be applied in diversity cases by federal courts." *Id.* at 1200.

The defendant, therefore, may not introduce any evidence related to the income or Social Security tax consequences of an award to the plaintiffs. Furthermore, the Court will not instruct the jury as to any such effect.

IT IS SO ORDERED.