[Civil No. 2702.  Filed June 11, 1928.]

[267 Pac. 947.]

TEOFILO OTERO and FRANCISCO ROJAS, Appellants, v. HECTOR SOTO, an Infant, by CARMEN SOTO GONZALES, His Guardian ad Litem, Appellee.

Messrs. Curley & Pattee, for Appellants.

Mr. John L. Van Buskirk and Mrs. Dorothy Sargent, for Appellee.

LOCKWOOD, J.—This is an action for damages brought by Hector Soto against Teofilo Otero and Francisco Rojas. It is founded upon an injury received by plaintiff through a collision with a Ford truck, driven by Rojas and owned by Otero. Otero is the owner of a ranch in Santa Cruz county, and for several years prior to the accident Rojas had lived at the ranch, working for Otero. He was employed by the day and was not required or expected to work upon Sundays. At the time of the accident, Otero was, and had been for some time, in the state of California. About five o'clock Sunday, July 25th, 1926, Rojas, without the knowledge or consent of Otero, started for Nogales in a Ford truck be-

longing to the latter, having invited two other young men to accompany him. When they were within about ten miles of Nogales, engine trouble occurred, and the truck stopped. Another car came along shortly, and the truck was fastened behind it with some fence wire, and the parties proceeded toward Nogales, Rojas guiding the truck, which was being towed by the other car. Plaintiff and his brother-in-law were returning from Nogales to Tucson on a motorcycle, and, while attempting to pass the two automobiles, an accident occurred, which resulted in Soto's receiving a broken leg.

The case was tried to a jury, which returned a verdict against both defendants in the sum of $12,500, and they have brought the matter before us for review.

There are some five assignments of error, each containing several subdivisions. It was admitted on the trial by counsel for defendants that the judgment as to Rojas should be sustained. We therefore will consider the case solely on Otero's appeal. We think it can be disposed of on the third assignment of error, which is that the court erred in denying Otero's motion for an instructed verdict. The determination of the questions, however, will involve a discussion of the respective theories of the case and of certain portions of the evidence, as well as of the law. It is plaintiff's theory that Rojas, Otero's employee, was at the time of the accident using the car in his employer's business, and that the latter is therefore liable for the negligence of Rojas. It is Otero's theory, on the other hand, that Rojas was using the car for the purpose of his own pleasure, and in no way upon Otero's business, and the latter is therefore not responsible for the accident.

There is no direct evidence in the case, so far as Otero is concerned, that the car was being used in or about his business. Soto, however, relies upon

the rule of law that proof of the fact Otero owned the automobile which caused the injury was *prima facie* evidence that the vehicle was being driven for him, and in his business. This court has held in the case of *Baker* v. *Maseeh,* 20 Ariz. 201, 179 Pac. 53, that the general rule is as stated by plaintiff. In that case we say:

"The rule that proof of ownership makes out a *prima facie* case is based upon the best of reasons. When an owner's car is being driven by another, that fact is presumably within the knowledge of the owner, and he can readily show that the vehicle was not being driven for him, if such be the fact. . . . One who is damaged, . . . by an automobile negligently operated by some person other than the owner, is usually without information as to the relation between the driver and the owner. If he be required to make affirmative proof of the relation, he might never be able to do so. . . .

"On the other hand, if it be held, upon proof of ownership and negligence, that the burden shifts to the defendant owner to prove that the car was being driven . . . on an errand not connected with the owner's business, the one having a just and meritorious case is protected, and no hardship is imposed upon the owner. . . .

"The presumption of use and control arising from proof of ownership is not conclusive. It has the effect, however, to cast the burden of proof on the owner to show, if he can, that the negligent driver was not his servant or agent, or, if such servant or agent, he was not at the time using the vehicle in the business of the owner."

The nature of the presumption referred to above is discussed by the Supreme Court of Alabama in *Tullis* v. *Blue,* 216 Ala. 577, 114 South. 185, as follows:

"It is well settled that those presumptions do arise from proof of the defendant's ownership of the vehicle; but it is well settled also that they are *prima facie* presumptions merely, or, as they are sometimes called, administrative presumptions,

based upon considerations of fairness and convenience in placing the burden of proof. *They are not in themselves evidence,* and in practice their effect is merely to impose upon the defendant the burden of showing that the driver was not his agent, or that, if he was, he was not acting within the scope of his authority or in the course of his employment. If the evidence thereon is in conflict, or leads to doubtful inference only, the issue should go to the jury. If, however, the evidence, without dispute, rebuts the facts thus presumed, there is no issue for the jury, and the general affirmative charge should be given for the defendant on request.'' (Italics ours.)

If, therefore, there be evidence in the case that the truck was not being used in Otero's business, which on the record as it stands cannot legally be disregarded, the presumption alone cannot be considered to raise an issue of fact which would cause the case to go to the jury, and under such circumstances it would be the duty of the court to instruct the jury to return a verdict in favor of Otero. If, on the other hand, even though there be no affirmative evidence supporting the presumption, the evidence contradicting it is of such a nature that it could be legally disregarded, the presumption would be sufficient to take the question of use to the jury.

We have discussed the right of the jury to disregard uncontradicted testimony in the case of *Crozier* v. *Noriega,* 27 Ariz. 409, 233 Pac. 1104, wherein we quote approvingly from *Davis* v. *Judson,* 159 Cal. 121, 113 Pac. 147, as follows:

''While it is the general rule that the uncontradicted testimony of a witness to a particular fact may not be disregarded, but should be accepted by the court as proof of the fact, this rule has its exceptions. The most positive testimony of a witness may be contradicted by inherent improbabilities as to its accuracy contained in the witness' own statement of the transaction, or there may be circumstances in evidence in connection with the matter,

which satisfy the court of its falsity. The manner of the witness in testifying may impress the court with a doubt as to the accuracy of his statement and influence it to disregard his positive testimony as to a particular fact, and, as it is within the province of the trial court to determine what credit and weight shall be given to the testimony of any witness, this court cannot control its finding or conclusion denying the testimony credence, unless it appears that there are no matters or circumstances which at all impair its accuracy.''

In other words, if any circumstances appear in the case which would justify a reasonable man in discrediting the statement of a witness, the jury may refuse to believe it, even though it is not directly challenged, but they may not arbitrarily reject uncontradicted evidence when nothing intrinsic in the evidence itself or extrinsic in the circumstances of the case casts suspicion thereon.

In the case cited, we held that there was affirmative evidence in the case which would justify the jury in disregarding the testimony of witnesses who were not *directly* contradicted. What is the situation in the case at bar? Defendant Rojas was called by plaintiff for the purpose of examination under the statutory provision allowing such action. He testified that his sole purpose in taking the car that afternoon was for a pleasure ride, in company with the witnesses Salcido and Gutierrez. He was then asked whether he had not previously made a written statement to the effect, ''The purpose for which I was coming to Nogales was to have repairs made to the truck.'' He admitted making the statement, but did not admit on the stand that it was true, but, on the contrary, claimed it to be false. Counsel for Otero objected to any evidence regarding the previous statement, and the court admitted the evidence solely for the purpose, as stated at the time, of impeachment of Rojas as to his credibility, and not

as positive evidence against Otero. This ruling was unquestionably correct. While the alleged admission of Rojas, if material, was evidence against him, it could in no way be affirmative evidence against his co-defendant, Otero. 22 C. J. 349. Its only effect, so far as the latter was concerned, was on the credibility of the testimony of Rojas and at most would only entitle the jury to disregard the affirmative testimony of the latter *in toto,* but would not authorize them to consider the statement as affirmative evidence that he was at the time using the truck in his employer's business. In other words, the greatest effect it could have had, so far as Otero was concerned, was to leave the case as though Rojas had not testified at all.

The witnesses Salcido and Gutierrez, who went with Rojas on the trip, both testified positively that it was a pleasure trip only. Their testimony was not impeached or contradicted in the slightest degree. There was nothing to show that they were in any way biased or influenced in favor of Otero, nor was there any circumstance appearing in the case which would justify a reasonable man in refusing to accept their evidence as to the purpose of the trip. This takes their testimony out of the exception to the rule laid down in *Crozier* v. *Noriega, supra,* and the jury was not justified in disregarding their statements upon this point. Such being the case, the presumption was overcome and there was no issue of fact on the matter to submit to the jury, so far as Otero was concerned. We are satisfied, from examining the record, that the learned trial court as well as the jury erred in considering the effect of the testimony in regard to the previous statement of Rojas. The court in discussing the matter said:

"It would hardly be said that the evidence was uncontradicted, that the only purpose in making the

trip to Nogales was a joy ride, to use a slang expression, when the man in whose mind the purpose was formed himself said under oath at another time and place that the purpose was to go down there to have the car repaired. Certainly you could not say the evidence was uncontradicted when he has given different statements about it. So you couldn't say that the evidence is uncontradicted upon that score. He now says, 'Yes,' that a pleasure ride was the sole and only purpose. But he has contradicted himself. So it cannot be that there isn't enough evidence to go to the jury on that point.''

It is obvious from this that the trial court must have considered the previous declarations of Rojas as affirmative evidence to submit to the jury in support of the claim that he was engaged in Otero's business. This was error. The impeachment of a witness only serves one purpose, and that is to enable the jury to properly evaluate the credibility of the witness. Under no circumstances can it add anything of *affirmative* value to the case of the adversary. Its greatest possible effect in this case, so far as Otero was concerned, was to eliminate the testimony of Rojas, leaving that of Salcido and Gutierrez unimpeached.

The verdict against Otero was thus unsupported by any evidence that the car was being employed in the latter's business, and the presumption of use was rebutted by the unimpeached testimony of Salcido and Gutierrez. Since either evidence of use or an unrebutted presumption thereof was essential to the plaintiff's case against Otero, the court erred in not instructing a verdict in favor of the latter.

The judgment of the superior court is affirmed as against Rojas, and is reversed as against Otero, and the case is remanded, with instructions to enter judgment in favor of defendant Otero.

ROSS, C. J., and McALISTER, J., concur.