[Civil No. 2956.   Filed February 2, 1931.]

[295 Pac. 975.]

WILLIAM P. LUTFY and JAMES LUTFY, Appellants, v. SADIE M. LOCKHART, Appellee.

Mr. Charles H. Young and Mr. Isaac Barth, for Appellants.

Messrs. Armstrong, Lewis & Kramer, for Appellee.

ROSS, J.—This is an action for damages for personal injuries suffered by plaintiff, Sadie M. Lockhart, by being struck by an automobile operated by William P. Lutfy, but owned by his brother, James Lutfy. The accident occurred at the southeast corner of Adams and Second Streets, in a congested part of the city of Phoenix, wherein automobiles are prohibited by ordinance from driving at a rate of speed exceeding fifteen miles.

In substance, the complaint alleges the violation of said ordinance and that William P. Lutfy was incompetent to drive an automobile, for the reason that he was afflicted with defective vision of such a nature as to make it impossible for him to observe

people approaching him at an angle, and for the reason that he was not licensed to drive an automobile, all of which James Lutfy well knew; that William was using the automobile with the owner's knowledge and consent; that he was driving at the time of the accident "in a wilfully wanton and negligent manner," in that he was driving at a rate of speed in excess of thirty-five miles per hour, a speed greater than was reasonable and proper having due regard to the life and limb of persons traveling on said streets; and that, while defendant was so driving, he ran into plaintiff, who was at the time walking across Second Street at its intersection with Adams Street, throwing her violently against the pavement, etc.

William P. Lutfy in his answer admitted the accident and the injury, but alleged that they were sustained by plaintiff "solely as the result of her own lack of care and negligence." He denied that he was negligent.

James Lutfy demurred to the complaint on the ground of insufficient facts; admitted that he owned the automobile and had loaned it to his brother; denied that William's vision was defective, or that he knew he was not licensed to drive; also denied that the automobile was being used for his benefit.

The case was tried to the jury and resulted in a verdict against both defendants in the sum of $5,000. Defendants appeal.

There are many assignments of error. It is first contended that the demurrer of James Lutfy should have been sustained on the ground that the facts pleaded did not state a cause of action against him. The complaint, so far as this defendant is concerned, seems to be drawn on two theories of liability: One on the theory of principal and agent or master and servant; and the other on the theory that one lending his automobile to another, whom he knows to be a

reckless or incompetent driver, is a participant in any negligence of the latter, and is equally liable with him for any tort committed.

It is averred that James was the owner of the car. It is settled in this jurisdiction that proof of ownership of an automobile causing an injury is *prima facie* evidence that the driver is the servant or agent of the owner and using it in the latter's business. *Baker* v. *Maseeh,* 20 Ariz. 201, 179 Pac. 53.

The trend of authority is that the owner of an automobile, who lends it to a person known to him to be habitually reckless, or inexperienced or incompetent as a driver, may be liable for the latter's tort. The liability in such case does not rest upon ownership or agency, but upon the combined negligence of the owner and the driver, the owner's negligence consisting in the act of loaning the car to an incompetent driver, and the latter's in its operation. *Elliott* v. *Harding,* 107 Ohio St. 501, 36 A. L. R. 1128, 140 N. E. 338.; *Rush* v. *McDonnell,* 214 Ala. 47, 106 South. 175; *Crowell* v. *Duncan,* 145 Va. 489, 50 A. L. R. 1425, 134 S. E. 576; *Wilcox* v. *Wunderlich,* (Utah) 272 Pac. 207; *Hopkins* v. *Droppers,* 184 Wis. 400, 36 A. L. R. 1156, 198 N. W. 738. We think the allegation that defendant William was incompetent to drive by reason of defective eyesight, and that defendant James knew it, stated a cause of action as against a general demurrer. This defendant, at the close of the case, made a motion for an instructed verdict on the ground of failure of evidence and we think it should have been granted. The plaintiff realizing, as she must, that the presumption of agency, through the relation of master and servant, had been overcome, states in her brief that "this case was not tried on any of these theories." And again she states "that there is no question of principal and agent in this case." All the evidence was to the

effect that William Lutfy was using the automobile for his own personal benefit and not under the direction or for the benefit of James. The court's instruction submitting the question of agency or master and servant was error. The presumption of law, that the driver of the car was in the employ of the owner, was definitely, positively and conclusively overcome by the defendants' evidence. This presumption was rebuttable. *Baker* v. *Maseeh, supra; Otero* v. *Soto,* 34 Ariz. 87, 267 Pac. 947.

The liability of defendant James for the negligence of defendant William, on the theory that the latter was to the knowledge of James an unsafe driver because of defective or poor vision, was not noticed by the court in the instructions. Plaintiff made no request for an instruction on that theory of liability. The only evidence as to William's vision was brought out on his cross-examination. He stated that he was afflicted with what is known as "tunnel vision," which he defined as a narrowing of the scope of his eyesight, but he said it did not affect his ability to see in a direct line. The testimony on behalf of plaintiff placed her, just before and at the instant of the accident, in a direct line with his vision. So, if James knew of this defect in his brother's eyesight, but there is no evidence that he did, there is nothing in the record to indicate that it was the cause of the accident.

The complaint also alleges that William was incompetent to drive because he was not licensed to operate an automobile, and that James knew that he was not licensed. By section 1654 of the Revised Code of 1928 it is provided:

"No person shall drive any motor vehicle upon a highway unless he has been licensed as an operator or chauffeur, or has been granted a temporary instruction or driver's permit by the division [motor vehicle]."

Certain persons are excepted from this requirement, but William was not in the exception. While possession of an operator's license, regularly issued, might be some evidence of his competency, the lack of such license would be no evidence whatever that he was not a capable, skilled and safe driver. To say the owner's knowledge that the person to whom he loaned his car was not licensed to drive would make him liable for the latter's torts committed in the course of its use would extend the rule to include cases far beyond its application in the past. The extent of the rule, as gathered from the cases, is stated by Berry, Law of Automobiles, 1020, section 1144, as follows:

"Aside from the relation of master and servant, the owner of an automobile may be rendered liable for injuries inflicted by its operation by one whom he has permitted to drive the same on the ground that such person, by reason of his want of age or experience, or his physical or mental condition, or his known habit of recklessness, is incompetent to safely operate the machine.

"An automobile is a machine that is capable of doing great damage if not carefully handled, and for this reason the owner must use care in allowing others to assume control over it. If he intrusts it to a child of such tender years that the probable consequence is that he will injure others in the operation of the car, or if the person permitted to operate the car is known to be incompetent and incapable of properly running it, although not a child, the owner will be held accountable for the damage done, because his negligence in intrusting the car to an incompetent person is deemed to be the proximate cause of the damage."

There is no evidence that William Lutfy was an incompetent or reckless driver. On the contrary, the evidence was to the effect that his experience in operating an automobile extended over a period of ten years. It is clear to our minds that no case was

made against James Lutfy, and that the court erred in submitting it to the jury and in refusing to grant the motion for an instructed verdict as to him.

The negligence charged against defendant William Lutfy is that he drove the automobile thirty-five miles per hour, in disregard of the rights of plaintiff and others, in a busy and congested district, in violation of a city ordinance limiting the speed of motor vehicles to fifteen miles per hour. Such fast driving at the time and place is characterized in the complaint as "wilfully wanton and negligent." The defendant admitted the collision and injury, but specifically denied that he was negligent, and affirmatively alleged that the accident was caused "solely as the result of . . . lack of care" on the part of the plaintiff.

It is important to have in mind the issues in the consideration of some of the assignments of error by defendant William Lutfy.

The defendant contends that the court's refusal to instruct at his request on contributory negligence was error. The rule in this jurisdiction is that, if one desires to defend on the ground of contributory negligence, he must plead it. Under a general or special denial of negligence a defendant is not entitled to an instruction on contributory negligence, unless, as was said in *McIver* v. *Allen,* 33 Ariz. 28, 262 Pac. 5, the plaintiff's case raises the question. The defense that plaintiff was injured through her sole negligence necessarily raises no question not traversed by a general or special denial. Such a defense means, as we understand it, that defendant violated no duty owing from him to plaintiff; that his conduct at the time and place and in the circumstances was perfectly legal and free of fault. This defense could be put in under a denial. The statement in defendant's answer that plaintiff's injury was caused solely

by her negligence is in effect a denial of negligence by the defendant. The defendant not having pleaded contributory negligence, and plaintiff's case not having raised the question, the court's refusal to instruct on such negligence was correct. This is in accord with the rule in most jurisdictions. It is said in 45 C. J. 1119, section 697:

"By the weight of authority, where the answer contains a general denial of negligence, a further plea that the injury was caused solely by plaintiff's own negligence is insufficient as a plea of contributory negligence, and renders the answer demurrable, since such an allegation merely presents the same issue as does a general denial or general issue; and as there is no occasion for such an averment in connection with a general denial, it is, therefore, surplusage and immaterial."

Defendant makes the further point that, the complaint charging wilfully wanton negligence, contributory negligence would be no defense and unavailing if interposed. "Wilful," "wanton," and "negligence" are contradictory terms. Negligence ordinarily is the result of carelessness. Wilfulness implies an intent or purpose to do a thing, while wantonness implies an indifference as to the result of an act. Whether an act is one or the other of these depends upon the circumstances under which it is done. The denomination of an act as wilfully wanton does not necessarily make it so. 45 C. J. 671, § 37. The violation of the speed limit as fixed by ordinance or statute can hardly be said to be wilfully wanton, in the absence of a statement of the facts showing it to be of that character.

Under an allegation of "wilful," "wanton," or "gross" negligence, the rule is that recovery may be had on proof of simple negligence upon the theory that the greater wrong includes the lesser. 45 C. J. 1138, § 725. It is evident that the gist of the

action as alleged is simple negligence. The words "wilfully wanton" can be disregarded as surplusage. If the defendant wanted to defend on the ground of plaintiff's contributory negligence, he should have interposed it in his answer. His claim that it would have been unavailing is not supported by the facts and the law.

The court's instructions must be governed by the evidence introduced. The law given to the jury must be in accordance with the facts and the issues made by the pleadings. If the evidence showed defendant operated the automobile in a wilful or wanton manner, under the rule announced in *Southern Pacific R. R. Co.* v. *Svendsen,* 13 Ariz. 111, 108 Pac. 262, contributory negligence would indeed be no defense. But, as above stated, no facts were alleged showing that defendant ran into plaintiff purposely or intentionally, or that he was indifferent as to the results of his act, nor does the evidence convict him of that kind of negligence.

The plaintiff's testimony was to the effect that defendant, just before and at the time he approached the crossing of Adams Street on Second Street, was traveling at about thirty-five miles per hour; that he gave no warning of his approach, by blowing the horn or otherwise, and that he ran into plaintiff within four or five feet of the east curb of Second Street. Defendant's testimony showed, or tended to show, that plaintiff had completely crossed Second Street and was proceeding to cross Adams Street to the north, and, as defendant was turning the southeast corner of said streets on to Adams from Second, plaintiff, without looking, stepped in front of the automobile and was knocked down; that defendant's control was such that the car was stopped with one revolution of the wheels. Corroborating this was the fact that plaintiff, after the accident, was picked up on Adams

Street, east of the crossing of Second Street, some four or five feet in front of the automobile which was facing east on Adams.

The court properly instructed on ordinary negligence only.

Under the evidence it was the duty of the jury to determine the proximate cause of the accident and injury to plaintiff. The court instructed the jury, in effect, that, if they found from a preponderance of the evidence that the negligence of defendant was the proximate cause, their verdict should be for the plaintiff; but if, on the other hand, they believed that plaintiff's injury was due to her sole negligence, they should find for the defendant. Under the evidence and pleadings, these instructions were correct.

The court's instruction on the measure of damages is assigned as erroneous. The instruction was practically the same as the one given in *Coppinger* v. *Broderick, ante,* p. 473, 295 Pac. 780, just decided, in which we held the instruction good.

The judgment is affirmed as to defendant William P. Lutfy, and reversed as to defendant James Lutfy, with directions that the complaint be dismissed as to him.

McALISTER, C. J., and LOCKWOOD, J., concur.