[Civil No. 4127.   Filed December 18, 1939.]

[97 Pac. (2d) 206.]

FRANK F. FLORES, Administrator of the Estate of BEATRICE FLORES, Deceased, Appellant, v. TUCSON GAS, ELECTRIC LIGHT & POWER COMPANY, a Corporation, Appellee, and CLAYTON F. TURNAGE, Defendant.

Mr. Geo. O. Hilzinger, Mr. Arthur A. Tannenbaum and Mr. Tom K. Richey, Attorneys for Appellant.

Messrs. Darnell, Pattee & Robertson, Attorneys for Appellee.

LOCKWOOD, J.—This is an action by Frank Flores, hereinafter called plaintiff, as administrator of the estate of Beatrice Flores, hereinafter referred to as the deceased, against Tucson Gas, Electric Light & Power Company, a corporation, hereinafter called

the company, and Clayton F. Turnage, whom we shall refer to as defendant.

Plaintiff's complaint alleges that the deceased was killed by reason of the negligent driving of an automobile by defendant, who was in the employ of the company at the time and acting within the scope of his employment. The company answered, admitting the ownership of the automobile and the employment of defendant, but denying that at the time of the accident defendant was acting within the scope of his employment.

Evidence was introduced, and at the close thereof, the court instructed a verdict in favor of the company, but left the issue of the liability of defendant to the jury. It disagreed on that point and was discharged from further consideration of the case, and judgment was entered in favor of the. company, whereupon this appeal was taken.

The sole question before us is whether the court was legally justified in instructing the verdict in favor of the company. This depends upon whether there was evidence sufficient to go to the jury on the question of whether at the time of the accident which resulted in the death of deceased, defendant Turnage was acting in the scope of his employment for the company. If there was any evidence from which a reasonable man might have inferred that he was so acting, the court erred in taking the case from the jury. If there was no such evidence, its action was correct. We, therefore, consider the evidence on that point.

The undisputed testimony was that the defendant was an employee of the company as an electrical service man, with regular hours of work from eight in the morning to five in the afternoon. The company owned a truck which it allowed defendant to take home at night to assist him in answering emergency service calls. He was instructed that he was not to use the

truck in any manner on his personal business and must keep it at home at all times when he was off duty, except when he or some other employee was answering an emergency call. If he left his home, he was instructed to leave the truck in the yard with the keys in it, or else turn them in to the service department so that other employees would find the truck available for instant use if needed. Between 7 and 8 o'clock in the evening of July 23d, defendant took the truck and went to the Shamrock Cafe to see another employee of the company on personal business. During this trip he was not engaged in any company business, nor had he been called by the company during that day to use the truck at all after hours, nor had it any knowledge that he had so used or intended to use it. Was this evidence, coupled with the admission of ownership of the truck, sufficient to take the case to the jury on the issue of whether at the time of the accident defendant was acting in the scope of his employment for the company?

It is the position of plaintiff that under the rule as laid down in this jurisdiction in the cases of *Baker* v. *Maseeh,* 20 Ariz. 201, 179 Pac. 53, and *Southern Pac. Co.* v. *Nelson,* 20 Ariz. 344, 180 Pac. 987, the physical possession of the company truck by defendant at the time of the accident raises the presumption that he was using it at the time on behalf of and in the service of the owner, and that notwithstanding the testimony above referred to, this presumption raises a conflict in the evidence sufficient to take the case to the jury.

It is the contention of the company that, admitting the possession of a car belonging to another raises a presumption that the possessor is using it on behalf of the owner, when direct and positive evidence is admitted contradicting this presumption, the latter disappears entirely, and if no other evidence is offered on behalf of plaintiff, there is no conflict of evidence

for the jury, and it is the duty of the court, under such circumstances, to instruct a verdict in favor of the owner of the truck. Narrowing down the issue to the vital point, the question is whether a presumption of law contradicted by evidence is in and of itself evidence. We had that precise question before us in the case of *Seiler* v. *Whiting*, 52 Ariz. 542, 84 Pac. (2d) 452, 454, and said:

"We consider next the question of presumptions. There has been much erroneous thinking and more loose language in regard to presumptions. We read of presumptions of law and presumptions of fact, of conclusive presumptions and of disputable presumptions. In truth there is but one type of presumption in the strict legal meaning of the word, and that is merely a general rule of law that under some circumstances, *in the absence of any evidence to the contrary,* a jury is compelled to reach a certain conclusion of fact. But a presumption so declared by the law is only raised by the absence of any real evidence as to the existence of the ultimate fact in question. It is not in and of itself evidence, but merely an arbitrary rule imposed by the law, to be applied in the absence of evidence, and whenever evidence contradicting the presumption is offered the latter disappears entirely, and the triers of fact are bound to follow the usual rules of evidence in reaching their ultimate conclusion of fact. As was once said, 'Presumptions may be looked on as the bats of the law, flitting in the twilight, but disappearing in the sunshine of actual facts.' *Mackowik* v. *Kansas City, etc., R. Co.,* 196 Mo. 550, 94 S. W. 256, 262. The supreme court of South Dakota, in *Peters* v. *Lohr,* 24 S. D. 605, 124 N. W. 853, in discussing this question, used the following language (page 855):

" ' . . . A presumption is not evidence of anything, and only relates to a rule of law as to which party shall first go forward and produce evidence sustaining a matter in issue. A presumption will serve as and in the place of evidence in favor of one party or the other until *prima facie* evidence has been adduced by the opposite party; but the presumption should never ·be

placed in the scale to be weighed as evidence. The presumption, when the opposite party has produced *prima facie* evidence, has spent its force and served its purpose, and the party then, in whose favor the presumption operated, must meet his opponent's *prima facie* evidence with evidence, and not presumptions. A presumption is not evidence of a fact, but purely a conclusion. Elliott, Ev. §§ 91, 92, 93; Wigmore, Ev. §§ 2490, 2491. . . . Therefore we have the *prima facie* evidence of the truth of a fact opposed only by a presumption, which in itself is not evidence, and which should be placed in the scale and weighed against the *prima facie evidence*. *Prima facie* evidence means sufficient evidence upon which a party would be entitled to recover, providing his opponent produced no further testimony. Wigmore, Ev. 2494. . . . ' "

And we have applied this principle even before it was enunciated so specifically, in the cases of *Johnston* v. *Hare,* 30 Ariz. 253, 246 Pac. 546; *Otero* v. *Soto,* 34 Ariz. 87, 267 Pac. 947; *Lutfy* v. *Lockhart,* 37 Ariz. 488, 295 Pac. 975; *Peters* v. *Pima Merc. Co.,* 42 Ariz. 454, 27 Pac. (2d) 143. In each of the four cases last cited there was, on the one hand, evidence of the ownership by a defendant of the automobile involved in the accident, coupled with its possession by the person whose negligence caused the accident, but no evidence that the driver of the car was acting within the scope of his employment, while there was direct testimony he was not. In each case we held that the presumption arising from the ownership of the automobile was overcome by the direct testimony. In *Baker* v. *Maseeh, supra,* there was no testimony contradicting the presumption. If this were all, there can be no question that the rule laid down in *Seiler* v. *Whiting, supra,* applies to the present case and the court was justified and, indeed, required to instruct a verdict for the company. Counsel for plaintiff, however, urge that the case of *Southern Pac. Co.* v. *Nelson, supra,* holds directly and specifically that a presumption is

evidence sufficient to take the case to the jury as against direct testimony contradicting the presumption. While this case has never been specifically overruled, yet the fact that we have so often since its rendition, in effect though not in terms, applied the rule stated later in *Seiler* v. *Whiting, supra,* might be taken as in effect overruling *Southern Pac. Co.* v. *Nelson, supra.* We think, however, it is not necessary to go so far. Upon an examination of that case it will be found that the presumption, so-called, referred to as taking the case to the jury, is not the ordinary presumption of law raised by various factual situations. It is a specific mandate by the legislature, appearing in paragraph 3780, Revised Statutes of Arizona 1913, Civil Code, that certain facts shall be *prima facie evidence* of negligence:

"Every railroad corporation or company operating any railroad or branch thereof, within the limits of this state, which negligently injures or kills any horse, . . . , by running any engine or engines, car or cars over or against any such animal shall be liable to the owner of such animal for the damages sustained by such owner by reason thereof. The killing or injury shall be *prima facie evidence* of negligence on the part of such corporation or company." (Italics ours.)

■■ There can be no doubt that the legislature has the power to make certain facts *prima facie* evidence of another fact, although it may not make it conclusive evidence. *Mobile, Jackson & Kansas City R. Co.* v. *Turnipseed,* 219 U. S. 35, 31 Sup. Ct. 136, 55 L. Ed. 78, Ann. Cas. 1912A 463, 32 L. R. A. (N. S.) 226; *Southern Pac. Co.* v. *Nelson, supra.* In such a case it may well be held that a conflict in the evidence exists which takes the case to the jury. *Buro* v. *Home Benefit Assn.,* (Tex. Civ. App.) 28 S. W. (2d) 902; *Jennings* v. *Sovereign Camp, W. O. W.,* (Tex. Civ. App.) 296 S. W. 961. But this does not apply to a presumption

like that in the present case of which the Supreme Court of South Dakota said in *Peters* v. *Lohr, supra* [24 S. D. 605, 124 N. W. 855],

"A presumption is not evidence of anything, and only relates to a rule of law as to which party shall first go forward and produce evidence sustaining a matter in issue."

We hold, therefore, that the evidence offered on behalf of the defendant satisfied the requirement of the law by making a *prima facie* case for the company, which was in no manner contradicted by any evidence offered on behalf of plaintiff, and the court, under such a situation, properly instructed the jury it must return a verdict in favor of the company.

Judgment affirmed.