[Civil No. 4742. (Consolidated) Filed October 15, 1945.]

[162 Pac. (2d) 615.]

AARON S. SILVA, Jr., a Minor, by Aaron S. Silva, His Guardian *Ad Litem,* Appellant, v. L. E. TRAVER, Appellee, and

VERNON W. SILVA, a Minor, by Aaron S. Silva, His Guardian *Ad Litem,* Appellant, v. L. E. TRAVER, Appellee.

Mr. A. Y. Moore, for Appellant.

Messrs. Ellinwood & Ross, and Mr. Jos. S. Jenckes, Jr., for Appellee.

LYONS, Superior Judge.—Appellants, Aaron S. Silva, Jr., and Vernon W. Silva, minors, by their common guardian *ad litem,* Aaron S. Silva, brought their separate actions against one V. M. Scott and the appellee, L. E. Traver, for damages for personal injuries sustained by the appellants in a collision between a spring-cycle occupied by them and an automobile driven by Scott and admittedly owned by the appellee. In each case it was alleged that at the time of the collision Scott was an employee of the appellee and regularly engaged in the performance of his duties as such.

The two actions were consolidated for trial and tried to a jury. At the close of the evidence the appellee moved for an instructed verdict in his favor in each case for failure of any evidence to show that at the time of the accident the defendant driver was acting within the scope of his said employment by the appellee. The motion was granted and verdicts in favor of the appellee were instructed in each case. The cases against the defendant Scott were submitted to the jury which returned verdicts for the appellants in each instance. From the orders instructing verdicts for the appellee, Traver, the appellants have appealed to this court.

The record of the evidence is before us on an amended statement of facts. Appellee suggests that the method of appeal by a statement of facts under Article 2, Chapter 22, Arizona Code Annotated, 1939,

has been superseded by the method set forth in Sections 21–1820 and 21–1821, Arizona Code Annotated, 1939 (Rules 75(b) and 75(c) of the Rules of Civil Procedure); but in the absence of any citations of authority or extended argument we do not now decide that question. So far as material to this decision, the amended statement of facts is as follows:

"The evidence on the question of whether or not the defendant Scott was engaged in the duties of his employment for the Defendant Traver was in substance as follows:

"Both of the defendants admitted that Scott was in the employ of Traver and had been for several months as an attendant at Travers Oil Station, located at 16th Street and Indian School Road, which is a short distance south of the scene of the collision, and that Scott's hours of employment were not regular, but that he closed the station on the evening of the collision at about the hour of 8:00 P. M.

"After closing the station, he drove Traver's automobile and took the money, receipts of the day and went to Traver's home, which is located between the Oil Station and the place where the collision occurred. He stopped the car at Traver's home, went in, turned over the receipts of the day to Traver; that he then requested Traver to permit him, Scott, to use Traver's automobile and take it home with him, keep it over night, so that he could use it the next morning to go to Phoenix to do some shopping for himself; that Traver consented for him to use the automobile for such purpose and Scott then took the automobile and started for home going north on 16th Street and the collision occurred a few minutes later at the place above stated."

■■ It is conceded, and is of course the law in this state, that proof or admission of ownership is *prima facie* evidence that the driver of a vehicle causing damage by its negligent operation is the servant or agent of the owner and using the vehicle in the business of the owner. *Baker* v. *Maseeh,* 20 Ariz. 201, 179 Pac. 53. But "*prima facie* evidence," so called, is, strictly, no evi-

dence at all. It is only a presumption of law. *Barton* v. *Camden,* 147 Va. 263, 137 S. E. 465. It has been uniformly so treated and denominated by this court. *Baker* v. *Maseeh, supra; Lutfy* v. *Lockhart,* 37 Ariz. 488, 295 Pac. 975. And such presumptions are mere arbitrary rules of law, to be applied in the absence of evidence. Whenever evidence contradicting a legal presumption is introduced the presumption vanishes. *Seiler* v. *Whiting,* 52 Ariz. 542, 84 Pac. (2d) 452; *Flores* v. *Tucson Gas, Elec. L. & P. Co.,* 54 Ariz. 460, 97 Pac. (2d) 206.

If this were all there could be no question that the latter principle applies to the present case, and, evidence contradicting the presumption of agency having been introduced, that the court was both justified in instructing and required to instruct verdicts for the appellee. But counsel for appellants strenuously urge that the contradictory evidence here was insufficient to dissipate the presumption because it consisted solely of the testimony of the appellee and the defendant Scott, both interested parties, whose testimony the jury was therefore at liberty to disregard. Without deciding whether the driver Scott was in fact an interested party on the issue of agency, we address ourselves to the question whether this bare presumption of law will justify the submission of a case to the jury in the face of positive contradictory testimony from an interested party.

██ Upon the question of the procedural effect of the establishment of the basic fact of a presumption (in this case the ownership of the vehicle by the appellee) the authorities are in a state of hopeless confusion. Analyzing the decisions from the various jurisdictions, the American Law Institute, in its Model Code of Evidence, Chapter VIII, sets forth the following important and conflicting views:

"a. The existence of the presumed fact must be assumed unless and until evidence has been introduced

which would justify a jury in finding the non-existence of the presumed fact. When once such evidence has been introduced, the existence or non-existence of the presumed fact is to be determined exactly as if no presumption had ever been operative in the action; indeed, as if no such concept as a presumption had ever been known to the courts. *Whether the judge or the jury believes or disbelieves the opposing evidence thus introduced is entirely immaterial.* In other words, the sole effect of the presumption is to cause the establishment of the basic fact to put upon the party asserting the non-existence of the presumed fact the risk of the non-introduction of evidence which would support a finding of its non-existence. This may be called the pure Thayerian rule, for if Thayer did not invent it, he first clearly expounded it. (Italics ours.)

"b. The existence of the presumed fact must be assumed unless and until evidence has been introduced which would justify a jury in finding the non-existence of the presumed fact. When such evidence has been introduced, the existence or non-existence of the presumed fact is a question for the jury unless and until 'substantial evidence' of the non-existence of the presumed fact has been introduced. When such substantial evidence has been introduced, the existence or non-existence of the presumed fact is to be decided as if no presumption had ever been operative in the action. . . . Unfortunately the cases which support this rule do not define substantial evidence: . . . In many decisions in the State of Washington, a variant of this view subtitutes for 'substantial evidence,' evidence from one or more disinterested witnesses.

"c. The existence of the presumed fact must be assumed unless and until the evidence of its non-existence convinces the jury that its non-existence is at least as probable as its existence. . . .

"d. The existence of the presumed fact must be assumed unless and until the jury finds that the non-existence of the presumed fact is more probable than its existence. . . . This is sometimes called the Pennsylvania rule.

"e. The presumption as such is said to operate as evidence of the presumed fact, and this effect is given

to it regardless of evidence of the non-existence of the presumed fact. . . . ''

Except as to the presumption of legitimacy, the learned compilers recommend the first of the above rules, for the reasons, amongst others, that it is supported by high authority, and that a legal presumption, being a mere rule of evidence, must be left in the hands of the judge to administer, and not be submitted to a jury for decision of the question when it is ''rebutted'' or ceases to have compelling force.

Note that by this view it is immaterial, for the purpose of repelling the presumption, that the trier of facts might disbelieve the evidence offered to contradict it. It is enough that such contradictory evidence would be legally sufficient to support a finding that the presumption had, in fact, been rebutted.

Although we have, perhaps, not declared it so explicitly, this is the rule which we have heretofore applied in this court. In *Seiler* v. *Whiting, supra,* we said: [52 Ariz. 542, 84 Pac. (2d) 454].

'' . . . Plaintiff . . . urges that the jury is not required to believe the evidence of an obviously interested party, but may discredit it, and accept rather inferences to be drawn . . . from various presumptions of law and fact. . . .

''There has been much erroneous thinking and more loose language in regard to presumptions. We read of presumptions of law and presumptions of fact, of conclusive presumptions and of disputable presumptions. In truth there is but one type of presumption in the strict legal meaning of the word, and that is merely a general rule of law that under some circumstances, *in the absence of any evidence to the contrary,* a jury is compelled to reach a certain conclusion of fact. But a presumption so declared by the law is only raised by the absence of any real evidence as to the existence of the ultimate fact in question. It is not in and of itself evidence, but merely an arbitrary rule imposed by the law, to be applied in the absence of evidence, and whenever evidence contradicting the presumption is offered the latter disappears entirely, and the triers of fact

are bound to follow the usual rules of evidence in reaching their ultimate conclusion of fact.

. . . . . . . . . .

"It is sufficient to say that there is nothing in the record upon which a jury could base a conclusion that defendant Whiting was guilty of any of the acts of negligence withdrawn from the consideration of the jury except, perhaps, certain presumptions as to due care on the part of the plaintiff. *When the definite and positive testimony of Whiting is placed on the scale, as we have said, any presumptions disappeared,* and the burden then shifted to plaintiff to produce some affirmative evidence of negligence which could be weighed by the jury as against the testimony of Whiting . . . ." (Italics ours.)

To the same effect is *Peters* v. *Pima Mercantile Co., Inc.,* 42 Ariz. 454, 461, 27 Pac. (2d) 143, in which the only evidence to refute the presumption that the driver of an automobile was, at the time of the accident, acting within the scope of his employment by the owner, was the testimony of the defendant driver and of the president of the defendant corporation which owned the vehicle. It was held sufficient. The Seiler case was approved and quoted at length in *Flores* v. *Tucson Gas, Elec. L. & P. Co.,* 54 Ariz. 460, 97 Pac. (2d) 206.

It is true that in *Otero* v. *Soto,* 34 Ariz. 87, 267 Pac. 947, 949, we said:

" . . . If, on the other hand, even though there be no affirmative evidence supporting the presumption, the evidence contradicting it is of such a nature that it could be legally disregarded, the presumption would be sufficient to take the question of use to the jury."

But that language was mere *obiter dictum,* since there was other testimony, from disinterested witnesses, sufficient to overcome the presumption in that case. Insofar as it may support appellants' contention here, it is out of step with the general course of our decisions and clearly inconsistent with our later rulings in Seiler v. Whiting and Peters v. Pima Mercantile Co., Inc., *supra.*

■ Appellants cite: *Lentz* v. *Landers*, 21 Ariz. 117, 185 Pac. 821; *Nichols* v. *McClure*, 23 Ariz. 27, 201 Pac. 95; *Little* v. *Brown*, 40 Ariz. 206, 11 Pac. (2d) 610; *Carr* v. *Florian*, 43 Ariz. 149, 29 Pac. (2d) 728; *Davis* v. *Industrial Commission*, 46 Ariz. 169, 49 Pac. (2d) 394; *Rowe* v. *Goldberg Film Delivery Lines, Inc.*, 50 Ariz. 349, 72 Pac. (2d) 432; and *MacRae* v. *MacRae*, 57 Ariz. 157, 112 Pac. (2d) 213. These cases are authority only for the rule that the testimony of an interested party may be disregarded by the trier of facts as against other evidence, or even in the face of a total lack of other evidence. They are not authority for the contention that a mere presumption of law will retain its force and efficacy, as a substitute for evidence, in the face of positive contradictory testimony, merely because such testimony is that of a party interested in the outcome of the suit.

■ We hold therefore, in accord with our earlier decisions and what we conceive to be the soundest view, that the presumption in question disappears entirely whenever evidence has been introduced which would justify a jury in finding the non-existence of the presumed fact, even though such contradictory evidence consists solely of the testimony of an interested party.

■■ The duty of the trial court, where the claim of agency is based solely upon the basic fact of ownership, and the presumption arising therefrom, is well stated at pages 315 and 316 of the Model Code of Evidence, *supra:*

"A. When the basic fact is established without decision by the jury, then,

"(1) if there is no evidence justifying a finding contrary to the presumed fact, the judge instructs the jury that the presumed fact must be taken as true; but

"(2) if there is evidence justifying a finding contrary to the presumed fact, the judge instructs the jury that the presumed fact does not exist.

"B. When the basic fact has to be established by the jury upon evidence, then

"(1) if there is no evidence justifying a finding contrary to the presumed fact, the judge instructs the jury that if they find the basic fact, the presumed fact must be taken as true;

"(2) if there is evidence justifying a finding contrary to the presumed fact, the judge instructs the jury that the presumed fact does not exist."

█ If the basic fact has sufficient value as evidence to support a rational inference as to the presumed fact, that is, if the basic fact constitutes circumstantial evidence, so that the presumption is one of fact rather than one of law, different duties devolve upon the court. But that situation is not before us. The present presumption of agency from ownership is not a rational presumption based upon mental processes, but a mere arbitrary presumption created by law for reasons of procedural convenience and policy.

█ Since the fact of agency was an essential element of appellants' causes of action against the appellee, since the presumption of agency was dispelled by evidence justifying a finding contrary thereto, and since there was no real evidence of such agency in the case, there was of course no occasion here for instructions of any kind, except the instruction to return verdicts for the appellee.

Appellants contend that the testimony of Scott on this issue was successfully impeached. The existence and effect of such impeachment, however, we need not consider because there remains, in any event, the testimony of the appellee, Traver, which of itself is sufficient to dispel the presumption relied upon.

The judgment is affirmed.

MORGAN, J., and RUSSELL, Superior Judge, concur.

NOTE: Chief Justice R. C. STANFORD and Justice ARTHUR T. LAPRADE having disqualified them-

374

selves, the Honorable JOHN D. LYONS, Jr., Judge of the Superior Court of Pima County, and the Honorable H. L. RUSSELL, Judge of the Superior Court of Coconino County, were called to sit in their stead.